### In re: CAPITAL ONE BANK CREDIT CARD INTEREST RATE HIKE LITIGATION.

**Kevin S. Barker, et al. v. Capital One Bank (USA), N.A., N.D. Georgia, C.A. No. 1:09–2692**

**Nancy Mancuso, et al. v. Capital One Bank (USA), N.A., et al., E.D. Virginia, C.A. No. 1:10–326.**

**MDL No. 2171.**

United States Judicial Panel on Multidistrict Litigation.

June 11, 2010.

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, Jr., KATHRYN H. VARATIL, DAVID R. HANSEN, W. ROYAL FURGESON, Jr., FRANK C. DAMRELL, Jr. and BARBARA S. JONES, Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Plaintiffs in the Eastern District of Virginia action have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of Virginia. Plaintiffs in the Northern District of Georgia action support the motion. Defendants Capital One Financial Corp. and its wholly-owned subsidiary, Capital One Bank (USA), N.A., (collectively Capital One) oppose centralization or, alternatively, request that the Panel stay its ruling until pending dispositive motions are resolved. Alternatively, defendants suggest centralization in the Northern District of Georgia.

This litigation currently consists of two actions pending in two districts, one action each in the Northern District of Georgia and the Eastern District of Virginia.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that Capital One unilaterally increased interest rates on customers' credit card accounts without notice. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

Capital One does not dispute that these actions share questions of fact, but rather has requested that the Panel stay its decision until resolution of pending motions in the two Northern District of Georgia actions. However, the summary judgment motion in the Northern District of Georgia *Barker* action was only just recently filed and is not fully briefed. Moreover, an additional action was recently filed in the Central District of California. Therefore, including the Eastern District of Virginia action, it does not appear that this docket is likely soon to lose its multidistrict character.

We are persuaded that the Northern District of Georgia is an appropriate transferee forum for this litigation. The first-filed actions are pending in that district, and in the Northern District of Georgia *Barker* action, discovery has begun and a motion for summary judgment is pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Northern District of Georgia is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable J. Owen Forrester for coordinated or consolidated pretrial proceedings with the action pending there.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Capital One Bank Credit Card Interest Rate Litigation."

---

1. An additional action pending in the District of Massachusetts was included on the motion, but plaintiff has since voluntarily dismissed the action.

The parties have notified the Panel that two additional related actions are pending, one action each in the Central District of California and the Northern District of Georgia. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).